UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CYNTHIA ESTRADA, | ) | Case No. ED CV 13-0219 PJW |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI") and Disability Insurance benefits ("DIB").  She claims that the Administrative Law Judge ("ALJ") erred when she rejected her testimony.  For the reasons explained below, the Court concludes that the ALJ did not err.

## II.   STATEMENT OF FACTS

Plaintiff was born on November 30, 1962.  (Administrative Record ("AR") 105.)  In August 2008, she applied for SSI and DIB, alleging that she had been unable to work since August 2001, due to carpal tunnel syndrome, pain in her shoulders, elbows, and hands, hearing

1  loss, obesity, pain disorder, and panic disorder.  (AR 94-101, 105,
2  109, 127, 142, 150, 556.)  The Agency denied her applications
3  initially and again on reconsideration.  (AR 55-59, 62-66.)  Plaintiff
4  then requested and was granted a hearing before an ALJ.  (AR 67-68.)
5  On May 18, 2010, she appeared without counsel at the hearing and
6  testified.  (AR 20-46.)  On July 20, 2010, the ALJ issued a decision,
7  denying benefits.  (AR 11-19.)  Plaintiff appealed to the Appeals
8  Council, which denied review.  (AR 1-3.)  She then filed an action in
9  this court, seeking to have the Agency's decision overturned.  On
10  October 18, 2011, the Court reversed the ALJ's decision and remanded
11  the case to the Agency for further proceedings.  On October 10, 2012,
12  a different ALJ held a second hearing.  (AR 571-605.)  Thereafter, she
13  issued a decision, again denying benefits.  (AR 553-64.)  This appeal
14  followed.

## II. ANALYSIS

16      Plaintiff argues that the ALJ erred when she determined that
17  Plaintiff was not credible.  For the following reasons, the Court
18  disagrees.

19      Credibility determinations are the province of the ALJ.  *Fair v.*
20  *Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  In making these
21  determinations, ALJs may employ ordinary credibility evaluation
22  techniques.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  An
23  ALJ is not required to believe every allegation of disabling pain or
24  other non-exertional impairment.  *Orn v. Astrue*, 495 F.3d 625, 635
25  (9th Cir. 2007) (citing *Fair,* 885 F.2d at 603)).  Nevertheless, to
26  discredit a claimant's testimony when a medical impairment has been
27  established and there is no evidence that the claimant is malingering,
28  the ALJ must provide specific, clear, and convincing reasons for doing

1  so.   *Smolen*, 80 F.3d at 1283-84.   If the ALJ's credibility finding is
2  supported by substantial evidence in the record, the Court may not
3  engage in second-guessing.   *See Thomas v. Barnhart*, 278 F.3d 947, 959
4  (9th Cir. 2002).

5       The sum and substance of Plaintiff's testimony was that her pain,
6  which she quantified as a nine or ten without medication and a seven
7  or eight with it, rendered her practically incapacitated, preventing
8  her from sitting for more than ten to 15 minutes and from sleeping for
9  more than four hours at a time among other things.   (AR 586-88.)   The
10 ALJ discounted this testimony, noting: (1) Plaintiff was not compliant
11 with her prescribed physical therapy; (2) the medical and other
12 evidence did not support such disabling symptoms; and (3) her daily
13 activities suggested greater capabilities.   (AR 560-62.)   These are
14 legitimate reasons for questioning a claimant's testimony.   *See Fair*,
15 885 F.2d at 603 ("[A] claimant's failure to assert" a good reason for
16 failing to follow a prescribed course of treatment "can cast doubt on
17 the sincerity of the claimant's pain testimony.");  *Bunnell v.*
18 *Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (holding ALJ entitled
19 to use ordinary techniques of credibility evaluation in assessing
20 claimant's credibility);  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66
21 (9th Cir. 2001) (upholding ALJ's credibility determination in part
22 because medical evaluations revealed little evidence of disabling
23 abnormality);  and *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir.
24 2008) (upholding ALJ's finding that claimant's claims of disabling
25 pain were not credible based in part on his ability to fly to
26 Venezuela and care for his ailing sister).   And the record supports
27 the ALJ's findings.

28

3

1    For instance, in 2012, Plaintiff was prescribed at least eight,
2  once-weekly physical therapy sessions to help alleviate her pain.  (AR
3  1046.)  She attended six sessions, from February 7, 2012 to March or
4  April 2012, and then stopped going until her return in June 2012.  (AR
5  970-71, 1048-49.)  It was reasonable for the ALJ to assume that
6  Plaintiff's failure to attend her prescribed physical therapy sessions
7  demonstrated that her pain was not as severe as she claimed that it
8  had been.[1]  *Fair*, 885 F.2d at 603.

9    Plaintiff disagrees.  She argues that there is another
10  interpretation of this evidence that is more favorable to her,
11  pointing out, for example, that she told a physician's assistant in
12  April 2012 that she stopped going to physical therapy because she was
13  too irritable to move.  (Joint Stip. at 9; AR 1036.)  The Court agrees
14  that there is more than one reasonable interpretation of this
15  evidence.  But the Court's role is not to search for alternative
16  explanations and impose them on the parties, rather, the Court is
17  charged with determining whether the ALJ's interpretation of the
18  evidence was rational.  Where, as here, it was, the ALJ's decision
19  must be affirmed.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.
20  2005) (explaining court must uphold ALJ's decision even if the
21  evidence in the record "is susceptible to more than one rational
22  interpretation.")

23

24

25    [1]  Plaintiff's treating doctor David Wood noted in a report that
    he had prescribed 24 physical therapy sessions in January and that by
26  June 2012 she had completed only 12.  (AR 156.)  Assuming that these
    are the correct numbers, it is still clear that Plaintiff did not
27  comply with the doctor's orders.  (AR 970 (June 22, 2012 chart note:
    "PROGRESS: 2 months since last visit due to patient non-compliance –
28  last visit 4/13/12.").)

4

1    Further, a fair reading of the record undermines Plaintiff's
2    argument that her condition rendered her unable to attend physical
3    therapy.   For example, when she returned to physical therapy in June
4    2012, she told her physical therapist that she had been bitten by fire
5    ants while gardening.   (AR 970.)   This certainly raises questions
6    about her claim that she missed physical therapy because she was too
7    irritable to move, an argument the ALJ implicitly rejected in
8    discounting her testimony.

9        The ALJ also concluded that Plaintiff's gardening undermined her
10   claim that she could only sit for ten to 15 minutes at a time.   (AR
11   562, 851, 970.)   Employing ordinary techniques of credibility
12   evaluation, it was reasonable for the ALJ to conclude that if
13   Plaintiff was capable of gardening she was probably capable of sitting
14   for more than 15 minutes and that her testimony to the contrary was,
15   at best, an exaggeration.

16       The ALJ also found that Plaintiff's other daily activities, like
17   driving, helping to run her household, caring for her 14-, 13-, and 7-
18   year-old children, and attending her daughter's soccer games also
19   undermined her claims of disabling pain.   (AR 561.)   Plaintiff argues
20   that social security law does not require that she be totally
21   incapacitated in order to be disabled.   (Joint Stip. at 10.)   While
22   the Court agrees with this general proposition, it is not applicable
23   here.   The ALJ did not rely on the fact that she could perform
24   household tasks to conclude that she could work.   Rather, the ALJ
25   concluded that, because Plaintiff could perform a relatively wide
26   range of household tasks, she was not as restricted by pain as she
27   claimed.   This logical inference stems from this evidence and was
28   permissible.   *Tommasetti,* 533 F.3d at 1040.

1      Finally, the ALJ relied on the fact that the medical evidence did
2  not support Plaintiff's claimed incapacity.   The record supports this
3  finding, too.   None of the doctors in this case opined that Plaintiff
4  was precluded from sitting for more than ten or 15 minutes.   For
5  example, the medical expert testified that Plaintiff could sit, stand,
6  or walk for six hours in a normal workday with breaks every two hours.
7  (AR 584.)   Reviewing doctor F. Kalmar agreed.   (AR 496.)   Though
8  consulting doctor Bunsri Sophon did not address Plaintiff's ability to
9  sit, stand, and walk, he did conclude, in essence, that she could
10 perform light work, which requires the ability to stand and walk up to
11 six hours a day.[2]   (AR 487-92.)   According to these same doctors,
12 Plaintiff had full range of motion in her shoulders and normal EMG
13 results.   (AR 489-90.)   And x-rays did not disclose any abnormalities
14 in her shoulders, arms, or hands.   (AR 490, 583-84, 852, 860-61, 996.)
15 All of this evidence points to the conclusion that Plaintiff was
16 exaggerating when she claimed that she was incapacitated due to pain.
17 The ALJ's rejection of this testimony is supported by the evidence and
18 the law and will not be disturbed.

19                     IV.   CONCLUSION

20     For the reasons set forth above, the Agency's decision is
21 affirmed and the case is dismissed with prejudice.

22     IT IS SO ORDERED.

23     DATED: January 23, 2014.
24
25                             PATRICK J. WALSH
                            UNITED STATES MAGISTRATE JUDGE
26 S:\PJW\Cases-Social Security\ESTRADA, 219\MEMORANDUM OPINION AND ORDER.wpd
27
     [2]   Under Social Security Ruling 83-10, "light work" requires
28 standing and/or walking for six hours a day.